IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01792-GPG

JAN B. HAMILTON,

    Applicant,

v.

DON BIRD, Pitkin County Jail,
D. MULDOON, Capt., Fairplay, CO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Jan B. Hamilton, is detained in the Park County Detention Facility in Fairplay, Colorado. She initiated this action on August 19, 2015, by filing, *pro se*, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" (ECF No. 1). Ms. Hamilton has paid the $5.00 filing fee.

The Court construes Ms. Hamilton's filings liberally because she is not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, this action will be dismissed.

**I. Procedural Background**

In an August 20, 2015 Order (ECF No. 3), Magistrate Judge Gordon P. Gallagher reviewed the original § 2254 Application and determined that it was deficient because it appeared to be duplicative of one of Ms. Hamilton's other pending habeas cases. Consequently, Applicant was directed to file an Amended Application, on the

court-approved form, within 30 days, clarifying the state criminal conviction that she is challenging in this action. (*Id.*). Magistrate Judge Gallagher further instructed Ms. Hamilton that the Amended Application must comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. (*Id.*).

On August 31, 2015, Ms. Hamilton filed a "Petition to Show Cause in Two Cases (14M143 and 10CR76)" (ECF No. 6), in which she clarified that she is challenging her conviction in Pitkin County District Court Case No. 11CR38 in the present action. Applicant was convicted on March 12, 2015, pursuant to her guilty plea, of violation of a protection order under COLO.REV.STAT. (C.R.S.) § 18-6-803.5(1), 2(a). (See Case No. 15-cv-01882-GPG, ECF No. 7 at 24). She was sentenced to 24 months in jail. (*Id.*). Given the clarification, Magistrate Judge Gallagher directed Ms. Hamilton, in a September 1, 2015 Order (ECF No. 7), to file an Amended Application, on the court-approved form, within 30 days, which addressed the validity of her conviction in Case No. 11CR38. Magistrate Judge Gallagher further instructed that the Amended Application must comply with the pleading requirements of Fed.R.Civ.P. 8. (*Id.*). The Clerk of the Court mailed to Ms. Hamilton a copy of the court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 the same day. (*Id.*).

On September 16, 2015, upon receiving notice from Ms. Hamilton that she had been transferred from the Park County Detention Facility to the Pitkin County Detention Center (ECF No. 8), Magistrate Judge Gallagher issued a Minute Order directing the clerk of the court to resend to Applicant a copy of the September 1 Order, as well as a copy of the court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (ECF No. 10). Magistrate Judge Gallagher ordered Applicant to file an Amended Application within 30 days of the September 16 Minute Order. (*Id.*).

Ms. Hamilton filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, on the court-approved form, on October 9, 2015. (ECF No. 12).

In an October 26, 2015 Order, Magistrate Judge Gallagher reviewed the Amended Application and determined that it was deficient because it failed to comply with the pleadings requirements of Fed. R. Civ. P. 8 and otherwise failed to state an arguable claim that her custody violated the United States Constitution, as required by 28 U.S.C. § 2254(a).  (ECF No. 13).  Magistrate Judge Gallagher stated the following in the October 26 Order:

> Applicant's assertions in her first claim that various persons violated federal criminal laws does not tend to show that her conviction for violating a protection order is unconstitutional.   Further, a violation of state law is not remediable under 28 U.S.C. § 2254.   See Estelle v. McGuire, 502 U.S. 62 (1991) (stating that habeas corpus does not lie to correct errors of state law).
> . . .
>
> In her third claim, Ms. Hamilton makes conclusory assertions that she was arrested "falsely" by law enforcement officers, in violation of her Fourteenth Amendment due process and equal protection rights.
>
> A defendant generally waives all objections of a constitutional nature when he knowingly and voluntarily enters a guilty plea, because "a guilty plea represents a break in the chain of events which has preceded it in the criminal process," and "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Salazar, 323 F.3d 852, 856 (10th Cir.2003) ("it is well established that a voluntary and unconditional guilty plea waives all non-jurisdictional defenses"). Consequently, because Ms. Hamilton was convicted pursuant to her guilty plea, she may not challenge the legality of her arrest. See Boykin v. Alabama, 395 U.S. 238, 244 (1969) (For a guilty plea to satisfy due process, it must be knowingly and voluntarily made which requires "a full understanding of what the plea connotes and of its consequences.").
>
> Because it is not clear whether Ms. Hamilton intends to assert a Fourteenth Amendment claim challenging the validity of her plea

3

> agreement, the Court will afford her one final opportunity to raise the claim in a Second Amended Application, on the court-approved form.  Ms. Hamilton may not refer to or rely upon her prior filings to explain her claim or to provide support for the claim. Furthermore, Applicant must state affirmatively in the Second Amended Application whether she exhausted state court remedies for a Fourteenth Amendment claim challenging the validity of her plea agreement.   See 28 U.S.C. § 2254(b); see also Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) (state prisoners are required to exhaust available state court remedies before seeking federal habeas corpus relief).   If Ms. Hamilton did not raise the Fourteenth Amendment claim before the Colorado Court of Appeals, then the claim is not exhausted.  See Castille v. Peoples, 489 U.S. 346, 351 (1989); Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).

(ECF No. 13 at 4-5).   Magistrate Judge Gallagher also instructed Ms. Hamilton that the Second Amended Application must comply with Fed. R. Civ. P. 8 and with Rule 2(c) of the Rules Governing Section 2254 Cases, which requires that applicant "specify all grounds for relief available to the petitioner" and "state the facts supporting each ground."   Id. at 5-6).

Ms. Hamilton filed a Second Amended Application on December 2, 2015.   (ECF No. 18).

## II.  Analysis of the Second Amended Application

It is questionable whether the Second Amended Application, which contains 36 pages of attachments, complies with the pleading requirements of Fed. R. Civ. P. 8 and rule 2(c) of the Rules Governing Section 2254 Cases.   Notwithstanding, the Court is able to discern the following claims for relief: (1) violation of Applicant's Fourteenth Amendment equal protection rights based on her sexual orientation; within this claim, she includes conclusory allegations of malicious prosecution, cruel and unusual punishment, excessive bail, no speedy trial, false imprisonment, and lack of jurisdiction; (2) violation of Applicant's First Amendment right to freedom of religion pursuant to a conspiracy

between Aspen police officers and private parties; (3) failure to enforce state criminal statutes.

As discussed in the October 26 Order, because Ms. Hamilton pleaded guilty to the charge in 11CR38, she waived any claims asserting constitutional deprivations that occurred prior to the guilty plea. *Tollett*, 411 U.S. at 267; *see also Salazar*, 323 F.3d at 856.

In addition, Ms. Hamilton may not assert civil rights claims in a habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."); *Sandifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) (generally, a prisoner who challenges the conditions of confinement must pursue a civil rights action).

Further, Applicant's claim that the state court lacked jurisdiction to convict her is not cognizable under § 2254(a) (stating that the remedy of habeas corpus is available to a person who "is in custody in violation of the Constitution or the laws of the United States."). *See also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (reaffirming that "federal habeas corpus relief does not lie for errors of state law") (internal quotation marks and citations omitted); *Dowdy v. Jones*, No. 06-6218, 196 F. App'x 785, 787 (10th Cir. Oct. 12, 2006) (unpublished) (claim that state court lacked jurisdiction to try the petitioner is a state law question that is not cognizable under § 2254).

Finally, to the extent Ms. Hamilton is attempting the challenge the validity of her guilty plea, *see Boykin v. Alabama*, 395 U.S. 238, 244 (1969) (a guilty plea satisfies due process if it is knowing and voluntarily made which requires "a full understanding of what

the plea connotes and of its consequences"), she fails to allege facts to show that she fairly presented a federal due process claim to the Colorado Court of Appeals. *See* 28 U.S.C. § 2254(b) (generally requiring exhaustion of available state court remedies as a prerequisite to federal habeas relief); *Castille*, 489 U.S. at 351; *Duncan*, 513 U.S. at 365-66.   Accordingly, it is

ORDERED that the [Second Amended] Application (ECF No. 18), filed by Applicant Jan Hamilton, *pro* se, on December 2, 2015, is DENIED for the reasons discussed above, and this action is DISMISSED WITHOUT PREJUDICE.   It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Ms. Hamilton has not made a substantial showing of the denial of a constitutional right.   It is

FURTHER ORDERED that leave to proceed in forma pauperis on appeal is denied.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Applicant files a notice of appeal she must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED December 9, 2015, at Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court